IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Lisa M. Tench, | ) | |
| | ) | C.A. No.: 6:13-cv-595-RBH |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Carolyn W. Colvin, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, represented by counsel, brought this action pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act, as amended, to obtain judicial review of a final decision of the Commissioner of Social Security. This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina. Magistrate Judge McDonald recommends that the decision of the Commissioner be affirmed.

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

On March 25, 2014, the plaintiff filed "Objections" (ECF No. 25) to the Report and Recommendation of the Magistrate Judge. The "objections" state in their entirety: "Plaintiff submits that her prior filings can be read to properly respond to the Magistrate's Report and Recommendation."

Plaintiff's objections fail to direct the court's attention to a specific error in the Magistrate Judge's Report and Recommendation. Therefore, this Court is of the opinion that the plaintiff's filings do not satisfy the specificity requirement of Rule 72(b) of the Federal Rules of Civil Procedure.[1] The Court has thoroughly reviewed this matter and finds no clear error.

After a thorough review of the Report and Recommendation and the record in this case, the court overrules all objections, adopts Magistrate Judge McDonald's Report and Recommendation, and incorporates it herein. It is therefore

---

[1] Rule 72(b) states:

Within 14 days after being served with a copy of the recommended disposition, a party may serve and file **specific, written objections to the proposed findings and recommendations**. . . The district judge must determine de novo **any portion of the magistrate judge's disposition that has been properly objected to.**

Fed. R. Civ. P. 72(b) (emphasis added).

2

**ORDERED** that the Commissioner's decision is affirmed.

**IT IS SO ORDERED.**

                                           s/ R. Bryan Harwell
                                           R. Bryan Harwell
                                           United States District Judge

Florence, South Carolina
August 8, 2014